# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

JOHN KANGETHE,
    Plaintiff

v.

THE DISTRICT OF COLUMBIA
    Defendant

Civil Action No. 15-2185 (CKK)

**MEMORANDUM OPINION**
(November 20, 2017)

This is an age discrimination and retaliation case brought by an employee of the District of Columbia Department of Employment Services ("DOES"). Plaintiff John Kangethe, who is representing himself *pro se*, alleges that he was passed over for a promotion on the basis of his age and as retaliation for earlier discrimination complaints. Specifically, Plaintiff alleges that he was not selected to fill an Associate Director position with the Office of Labor Market Research and Information ("LMI AD Position"). He also alleges that he was retaliated against when he was denied leave to attend the deposition of a party to a prior discrimination lawsuit. Plaintiff brings this lawsuit against the District of Columbia under the Age Discrimination in Employment Act ("ADEA"), the District of Columbia Human Rights Act ("DCHRA") and Title VII of the Civil Rights Act ("Title VII").

Before the Court is Defendant District of Columbia's [30] Motion for Summary Judgment. Defendant claims that it is entitled to summary judgment for two reasons. First, Defendant argues that Plaintiff cannot establish his *prima facie* case with respect to his claim that he was denied leave, because this alleged denial did not constitute an "adverse action." Second, Defendant argues that Plaintiff has not rebutted Defendant's proffered legitimate non-discriminatory reason for not selecting Plaintiff for the LMI AD Position.

Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court DENIES Defendant's motion. First, the Court finds that a reasonable jury could conclude that Defendant's failure to approve Plaintiff's request for leave in a timely fashion, thereby denying him the opportunity to prepare for the deposition of a key witness to his earlier discrimination lawsuit, was sufficiently adverse to be actionable. Second, although a close call, the Court finds that Plaintiff has offered enough evidence to rebut Defendant's proffered non-discriminatory reason for not selecting him for the LMI AD Position and that it would be inappropriate for the Court to summarily adjudicate that claim.

## I. BACKGROUND

Plaintiff John Kangethe is approximately 61 years old. Def.'s Stmt. of Material Facts not in Dispute, ECF No. 30 ("Def.'s Stmt."), at ¶ 1. He is a Labor Economist at DOES. *Id*.

### A. Denial of Plaintiff's Request for Leave

On April 7, 2014, Plaintiff submitted a request to take eight hours of leave from work on April 9, 2014 so that he could prepare for and attend the deposition of a key witness to a prior discrimination lawsuit that he had filed against the District of Columbia. *Id*. ¶ 39; Depo. of John Kangethe, ECF No. 30-19 ("Pl.'s Depo."), at 6:15-20, 21:18-21. The deposition was scheduled for 3:30 pm. Def.'s Stmt. ¶ 37. Having received no response to his request by the morning of the ninth, Plaintiff reported to work. *Id*. ¶¶ 42-43. He e-mailed his supervisor reminding him of his request and notifying him that he would be taking off four hours in the afternoon. *Id*.

---

[1] The Court's consideration has focused on the following documents and their attachments and/or exhibits: Def.'s Mot. for Summary Judgment, ECF No. 30 ("Def.'s Mot."); Pl.'s Opp'n to Def.'s Mot. for Summary Judgment, ECF No. 34 ("Pl.'s Opp'n"); and Def.'s Reply in Support of Mot. for Summary Judgment, ECF No. 35 ("Def.'s Reply"). In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

Plaintiff still got no response, but he went to the deposition. *Id.* ¶ 45. Plaintiff's supervisor later claimed to have forgotten to respond to Plaintiff's request and e-mail. *Id.* ¶ 47. The supervisor did not charge Plaintiff with leave for the four hours of work he missed on the afternoon of the ninth. *Id.* ¶ 49. However, Plaintiff did not take the four hours of leave he had requested on the morning of that day that he had intended to use to prepare for the deposition. Pl.'s Depo. at 21:18-21.

B. **The LMI AD Position**

A vacancy announcement for the LMI AD Position was issued on May 6, 2014 ("Vacancy No. 25001"). Def.'s Stmt. ¶ 6. DOES Human Resource specialist Lachelle Savoy conducted an initial review and scoring of the applications that were submitted and decided which applicants were sufficiently qualified. *Id.* ¶ 3; *see also generally* Depo. of Lachelle Savoy Rogers, ECF No. 30-17 ("Savoy Depo."). One of the factors Ms. Savoy was required to consider when scoring applications was whether the applicant had "five years of specialized experience in supervisory or project coordination assignments involving a staff of professional economists or researchers, and experience in conducting economic analyses and studies regarding highly complex and sophisticated issues." Def.'s Stmt. ¶ 22.

Plaintiff applied to Vacancy No. 25001. *Id.* ¶ 6. Ms. Savoy testified that she scored Plaintiff's application and that his score was beneath the threshold required for further consideration. Savoy Depo. at 29:10-12. Ms. Savoy testified that she was unable to score Plaintiff any higher than she did because his application did not contain a resume. *Id.* at 29:19-31:20. In particular, she testified that the absence of a resume rendered her unable to assess whether Plaintiff had the requisite experience in supervisory or project coordination assignments. *Id*. at 16:8-20, 29:19-31:20. Plaintiff contends that this is false—he testified that he did submit a

3

resume and that Ms. Savoy had more than enough material to determine Plaintiff's experience. Pl.'s Depo. at 24:9-17. Vacancy No. 25001 was cancelled after no one had been chosen for the position for sixty days. Savoy Depo. at 33:2-14.

However, a vacancy announcement for the same LMI AD Position was re-posted on August 11, 2014 ("Vacancy No. 25461"). Def.'s Stmt. ¶ 14. It is undisputed that Plaintiff did not submit an application for Vacancy No. 25461. *Id.* ¶ 7. Saidou Diallo, an economist employed at DOES who is much younger than Plaintiff, did submit an application and was selected for the position. *Id.* ¶¶ 16-17.

## II. LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The mere existence of some factual dispute is insufficient on its own to bar summary judgment; the dispute must pertain to a "material" fact. *Id.* Accordingly, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Nor may summary judgment be avoided based on just any disagreement as to the relevant facts; the dispute must be "genuine," meaning that there must be sufficient admissible evidence for a reasonable trier of fact to find for the non-movant. *Id.*

In order to establish that a fact is or cannot be genuinely disputed, a party must (a) cite to specific parts of the record—including deposition testimony, documentary evidence, affidavits or declarations, or other competent evidence—in support of its position, or (b) demonstrate that the materials relied upon by the opposing party do not actually establish the absence or presence of a genuine dispute. Fed. R. Civ. P. 56(c)(1). Conclusory assertions offered without any factual

4

basis in the record cannot create a genuine dispute sufficient to survive summary judgment. *See Ass'n of Flight Attendants-CWA, AFL-CIO v. Dep't of Transp.*, 564 F.3d 462, 465-66 (D.C. Cir. 2009). Moreover, where "a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact," the district court may "consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e).

When faced with a motion for summary judgment, the district court may not make credibility determinations or weigh the evidence; instead, the evidence must be analyzed in the light most favorable to the non-movant, with all justifiable inferences drawn in his favor. *Liberty Lobby*, 477 U.S. at 255. If material facts are genuinely in dispute, or undisputed facts are susceptible to divergent yet justifiable inferences, summary judgment is inappropriate. *Moore v. Hartman*, 571 F.3d 62, 66 (D.C. Cir. 2009). In the end, the district court's task is to determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Liberty Lobby*, 477 U.S. at 251-52. In this regard, the non-movant must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Liberty Lobby*, 477 U.S. at 249-50 (internal citations omitted).

In recognition of the difficulty in uncovering clear evidence of discriminatory or retaliatory intent, the district court should approach summary judgment in an action for employment discrimination or retaliation with "special caution." *Aka v. Wash. Hosp. Ctr.*, 116 F.3d 876, 879-80 (D.C. Cir. 1997), *vacated on other grounds*, 156 F.3d 1284 (D.C. Cir. 1998) (*en banc*). Be that as it may, the plaintiff is not relieved of his burden to support his allegations

5

with competent evidence. *Brown v. Mills*, 674 F. Supp. 2d 182, 188 (D.D.C. 2009). As in any context, where the plaintiff would bear the burden of proof on a dispositive issue at trial, at the summary judgment stage he bears the burden of production to designate specific facts showing that there exists a genuine dispute requiring trial. *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009). Otherwise, the plaintiff could effectively defeat the "central purpose" of the summary judgment device—namely, "to weed out those cases insufficiently meritorious to warrant . . . trial"—simply by way of offering conclusory allegations, speculation, and argument. *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999).

### III.  DISCUSSION

The Court will deny Defendant's motion for summary judgment for the reasons set forth below. Although a close call, the Court finds that there are genuine disputes of fact with respect to Plaintiff's claims regarding both his request for leave to attend a deposition and his non-selection for the LMI AD Position. Viewing the evidence in the light most favorable to Plaintiff and granting him all reasonable inferences, the Court concludes that a reasonable jury could find for Plaintiff.

**A.  Claims at Issue**

As a threshold matter, the Court clarifies what claims are still at issue in this case. At the motion to dismiss stage, the Court found that the only adverse actions Plaintiff had adequately pled were Defendant's alleged refusal to grant him leave to attend the deposition of a party to his prior lawsuit and Defendant's alleged failure to select Plaintiff for a permanent LMI AD Position. *See Kangethe v. D.C.*, 206 F. Supp. 3d 661, 668-73 (D.D.C. 2016). These are the only adverse actions currently remaining in this case. To the extent Plaintiff discusses other actions in his opposition to Defendant's motion for summary judgment—*e.g.*, his non-selection for a

6

temporary LMI AD Position—the Court clarifies that Plaintiff has no separate claim based on these actions in this case.

Moreover, in his opposition Plaintiff attempts to inject a new claim into this case. He states that "since the filing of [his] Complaint, the extensive e-discovery conducted in this case reveals Dr. Kangethe was subjected to diminution of duties and responsibilities by his superiors." Pl.'s Opp'n at 22. This claim was not alleged in Plaintiff's Complaint and has never been raised before now. It is not a part of this case. *See Harrison v. Office of the Architect of the Capitol*, 964 F. Supp. 2d 81, 95 (D.D.C. 2013), *aff'd sub nom. Harrison v. Office of Architect of Capitol*, No. 14-5287, 2015 WL 5209639 (D.C. Cir. July 16, 2015) ("It is axiomatic that the Plaintiff cannot amend her Complaint by the briefs in support of or in opposition to a motion for summary judgment.").

## B. Defendant's Effective Denial of Plaintiff's Request for Leave

Defendant first argues that it is entitled to summary judgment on Plaintiff's claim that his request for leave to attend a deposition was denied because that alleged "denial" did not constitute an "adverse action." The Court does not agree that this issue can be resolved through summary judgment.

For the purposes of Plaintiff's retaliation claim, to constitute an adverse action an employment action must be "materially adverse, 'which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (quoting *Rochon v. Gonzales*, 438 F.3d 1211, 1219 (D.C. Cir. 2006) (internal quotation marks omitted)). At the motion to dismiss stage, the Court declined to rule that the alleged denial of leave in this case could not constitute an adverse action as a matter of law. It noted that a number of courts in this Circuit

7

have held that, under certain circumstances, "a denial of leave can constitute materially adverse action." *Hyson v. Architect of Capitol*, 802 F. Supp. 2d 84, 103 (D.D.C. 2011) (emphasis omitted); *Nurriddin v. Bolden*, 674 F. Supp. 2d 64, 90 (D.D.C. 2009) (rejecting argument that denial of leave is inherently not an adverse action); *see also Wiley v. Glassman*, 511 F.3d 151, 159 (D.C. Cir. 2007) (affirming summary judgment for defendant on retaliation claim where employee alleged she was denied paid leave to attend depositions in her pending discrimination lawsuit, but relying on fact that guidelines applicable to her employment did not grant paid leave to attend such depositions). The Court declined to rule definitively on the issue on the pleadings because, in the absence of any factual record, it could not say whether or not the denial of leave in this case had affected Plaintiff. *See Newton v. Office of the Architect of the Capitol*, 905 F. Supp. 2d 88, 93 (D.D.C. 2012), *aff'd,* 598 F. App'x 12 (D.C. Cir. 2015) (holding "that sick leave restrictions did not constitute a 'materially adverse' action where the restrictions had never actually affected the plaintiff.").

Discovery is now complete and the record shows that Plaintiff was meaningfully affected by the denial of leave. His supervisor's failure to timely approve his request resulted in his not taking leave for the first half of the day on April 9, 2014, which he had intended to use to prepare for an important deposition in his prior discrimination lawsuit. Although the *amount* of leave effectively denied to Plaintiff—four hours—may seem fairly small, the practical effect of that denial could strike a reasonable jury as significant given that it denied Plaintiff the opportunity to prepare for an important event in his discrimination lawsuit. *See Batson v. Powell*, 912 F. Supp. 565, 579 (D.D.C. 1996), *aff'd,* 203 F.3d 51 (D.C. Cir. 1999) (holding that "[d]enial of leave to attend a [EEO] counseling meeting can qualify as an adverse employment action.").

This material impact on Plaintiff distinguishes this case from others in which a denial of leave had no real effect on the plaintiff. *See, e.g.*, *Hyson*, 802 F. Supp. 2d at 103 (holding that plaintiff's "request was eventually granted, albeit after a delay, and such a delay would not deter a reasonable employee from pursuing a charge of discrimination.") (internal citation omitted). Similarly, the fact that Plaintiff was effectively not able to leave for the full eight hours requested distinguishes his case from others cited by the Defendant in which an employer was able to "cure" an otherwise adverse action. *Taylor v. Small*, 350 F.3d 1286, 1293 (D.C. Cir. 2003). Defendant's belated "grant" of Plaintiff's request for leave in this case was not a complete cure, because Plaintiff was unable to take four hours off that he had requested to prepare for the deposition.[2]

To be clear, this Memorandum Opinion should not be interpreted as holding that Defendant's failure to timely grant Plaintiff the requested leave *is* an adverse action as a matter of law. The Court simply holds that this factual dispute is best left for a jury to decide. "Whether a particular adverse action satisfies the materiality threshold is generally a jury question, with [the Court's] role limited to determining whether, viewing the evidence in the light most favorable to the plaintiff, a reasonable jury could find the action materially adverse." *Rattigan v. Holder*, 643 F.3d 975, 986 (D.C. Cir. 2011), *vacated on other grounds*, No. 10-5014, 2011 WL 4101538 (D.C. Cir. Sept. 13, 2011). Here, a reasonable jury could find for Plaintiff. Summary judgment is accordingly inappropriate.

---

[2] Defendant places emphasis on the allegedly "inadvertent" nature of Plaintiff's supervisor's failure to grant Plaintiff leave, Def.'s Mot. at 13, but the supervisor's intent is irrelevant to the question of whether the denial had a sufficiently adverse impact on Plaintiff so as to constitute an "adverse action."

**C. Defendant's Non-Selection of Plaintiff for the LMI AD Position**

Next, Defendant seeks summary judgment on Plaintiff's claim related to his non-selection for the LMI AD Position. Defendant argues that Plaintiff has not offered sufficient evidence to rebut its proffered non-discriminatory reason for its decision. It is well-established that "it is no longer relevant" if Plaintiff established a *prima facie* case once Defendant has proffered a non-discriminatory explanation for its conduct. *U.S. Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 715 (1983). Because Defendant has proffered allegedly non-discriminatory reasons for its failure to promote Plaintiff, setting forth facts to establish a *prima facie* case would be "an unnecessary sideshow." *Brady v. Sgt. at Arms*, 520 F.3d 490, 494 (D.C. Cir. 2008). Rather, this Court "need not- and should not decide" whether Plaintiff has made out a *prima facie* case. *Id.* (emphasis in original). The Court need only determine whether Plaintiff has "produced sufficient evidence for a reasonable jury to find the [Defendant's] non-discriminatory reason was not the actual reason and that the employer intentionally discriminated against the employee on the basis of" a protected status. *Id.*

Defendant proffers two non-discriminatory reasons for not selecting Plaintiff: one reason for not selecting him for Vacancy No. 25001, and another for Vacancy No. 25461. The Court begins by noting its agreement with Defendant that Plaintiff has not raised genuine factual issues relating to Defendant's proffered reason for not selecting him for Vacancy No. 25461. Defendant represents that Plaintiff was not selected to fill this vacancy because he did not submit an application. Ms. Savoy testified that this failure to apply was the reason she could not select Plaintiff for further consideration for this particular vacancy. Savoy Depo. at 49:19-50:2. This is

a legitimate, non-discriminatory reason for not selecting Plaintiff, and one which Plaintiff has not factually rebutted.[3]

Relying on *International Brotherhood of Teamsters v. United States*, 431 U.S. 324 (1977), Plaintiff argues that he could qualify as a "constructive applicant" with respect to Vacancy No. 25461. That case, however, is inapposite. It dealt with an alleged "pattern and practice of employment discrimination" against a large group of employees. *Id.* at 328. The issue before the Supreme Court was whether class-wide relief could extend to employees who had not in fact applied for and been denied promotions. *Id.* at 363. The Supreme Court decided "that an incumbent employee's failure to apply for a job is not an inexorable bar to an award of retroactive seniority," and that "[i]ndividual nonapplicants must be given an opportunity to undertake their difficult task of proving that they should be treated as applicants and therefore are presumptively entitled to relief accordingly." *Id.* at 364. Whatever possible relevance this holding might have to this case, it does not aid Plaintiff to prove that Defendant's non-discriminatory reason for not selecting him for Vacancy No. 25461 was pretext.

However, Plaintiff's failure to apply to the second vacancy announcement for the LMI AD Position (Vacancy No. 25461) is not fatal to his case. Plaintiff may still pursue his claim with respect to the LMI AD Position on the basis of his application to the first vacancy announcement (Vacancy No. 25001), because Plaintiff applied to that announcement and, despite the fact that the announcement was subsequently cancelled, the position effectively remained vacant and Defendant continued to seek applicants. *See Cones v. Shalala*, 199 F.3d 512, 516

---

[3] At the motion to dismiss stage, the Court noted that Plaintiff had alleged that the applicant who was eventually chosen for the position also had not submitted an application. *Kangethe*, 206 F. Supp. 3d at 672-73. After discovery, Plaintiff appears to have retracted that allegation and acknowledges now that this individual did in fact apply to Vacancy No. 25461.

(D.C. Cir. 2000) (holding that to establish a *prima facie* case under Title VII, "the plaintiff must show that (1) he is a member of a protected class; (2) he applied for and was qualified for an available position; (3) despite his qualifications he was rejected; and (4) either someone not of his protected class filled the position *or the position remained vacant and the employer continued to seek applicants*.") (emphasis added); *Carter v. George Washington Univ.*, 387 F.3d 872, 882-83 (D.C. Cir. 2004) (holding that plaintiff can state *prima facie* claim for discrimination where Defendant "withdrew the position for lack of qualified applicants and then, several months later, restructured the position, increased the salary, and convinced the employee who had last held the position to return" because "the position not only remained unfilled, but, as shown by [defendant's] later efforts to bring back the former employee, the [defendant] still needed someone to occupy the position.").

Accordingly, the Court moves on to assess whether Plaintiff has adequately rebutted Defendant's proffered non-discriminatory reason for its failure to select him based on his application to the initial vacancy for the LMI AD Position (Vacancy No. 25001). Defendant represents that Plaintiff was not selected for this vacancy because the individual screening applications for the position determined that he did not have sufficient experience, in large part because he had not submitted his resume as part of his application packet.

The Court has carefully considered the entire record in this case and concludes that, although a close call, a reasonable jury could find that Plaintiff has satisfied his burden of rebutting this explanation. Plaintiff contends that he *did* submit a resume with his application, and has offered evidence to support that contention. Plaintiff himself testified that he submitted a resume, Pl.'s Depo. at 24:9-17, and he also presented an e-mail that he received from

12

Defendant after submitting his materials that stated "[y]our online resume has been successfully submitted," Pl.'s Ex. 39, ECF No 34-1 at 53.

To be sure, Defendant vigorously disputes this point, and has competing evidence to support its position. Defendant has offered testimony from Ms. Savoy that there was no resume submitted with the application. Savoy Depo. at 31:6-14. It has also submitted computer screenshots from the program used by Defendant to manage applications that appear to indicate that no resume was submitted with Plaintiff's application. Def.'s Exs. 2, 16, ECF Nos. 30-2, 30-10. And an IT Specialist at the D.C. Department of Human Resources has submitted a declaration which states that there was no resume attached to Plaintiff's application. Def.'s Ex. 11, ECF No. 30-12. Finally, Defendant argues that the e-mail Plaintiff received did not really mean that he had submitted a resume.

However, at the summary judgment stage the Court cannot make credibility determinations or weigh the evidence—instead, it must analyze the evidence in the light most favorable to Plaintiff, with all justifiable inferences drawn in his favor. *Liberty Lobby*, 477 U.S. at 255. Doing so here, the Court concludes that a jury could reasonably decide to reject Defendant's evidence in favor of Plaintiff's, and infer that Plaintiff submitted a resume with his application. In doing so, the jury could reasonably conclude that the non-discriminatory reason Defendant has offered for its decision was not its real reason. It is well established that "a factfinder's reasonable rejection of the defendant's proffered explanation will support an inference of discrimination," and, indeed, "a plaintiff's discrediting of an employer's stated reason for its employment decision is entitled to considerable weight." *Aka v. Washington Hosp. Ctr.*, 156 F.3d 1284, 1290 (D.C. Cir. 1998); *see also St. Mary's Honor Ctr. v. Hicks*, 509 U.S.

502, 511 (1993) ("rejection of the defendant's proffered reasons will permit the trier of fact to infer the ultimate fact of intentional discrimination") (emphasis omitted).

Although the Court is not *required* to deny summary judgment on the basis of such evidence alone in every case, *id.*, the Court concludes that summary judgment for Defendant is improper on the particular facts of this case. Plaintiff, who is 61 years old, was denied a position which was ultimately given to a much younger man. Plaintiff had submitted applications for this or similar positions many times throughout his tenure at DOES and had been repeatedly rejected. He had also brought an earlier discrimination lawsuit against Defendant. Defendant, his employer for many years, denied him the position this time on the grounds that it was allegedly unable to determine his work experience—despite the fact that Plaintiff's experience was largely made up of working for the Defendant itself. Defendant has not proffered evidence to suggest that, had it considered Plaintiff's full qualifications, he would not have been qualified for the position. In fact, Plaintiff has proffered evidence that he was more qualified for the position than the individual ultimately chosen for it. *See* Pl.'s Depo. at 69:13-81:1. Moreover, as discussed above, Defendant has offered a reason for not selecting Plaintiff—based on his failure to submit a resume—which, viewing the evidence in the light most favorable to Plaintiff and drawing all justifiable inferences for him, a reasonable jury could find to be false. In the absence of this reason, a reasonable jury could infer that retaliation or discrimination were the actual reasons for Defendant's decision.

As with its decision regarding Plaintiff's denial of leave claim, the Court clarifies that its decision not to summarily adjudicate Plaintiff's non-selection claim should not be interpreted as an acceptance of Plaintiff's view of the facts. The Court merely holds that, although a close call, a combination of Plaintiff's discrediting of Defendant's stated reason for its decision and various

aspects of Plaintiff's *prima facie* case are enough to allow a reasonable jury to find for Plaintiff, and accordingly preclude this Court from granting summary judgment for Defendant.

## IV. CONCLUSION

In sum, the Court DENIES Defendant's motion for summary judgment. The Court will not grant summary judgment on the issue of whether Defendant's effective denial of Plaintiff's request for leave constituted an adverse action, nor will it grant summary judgment on Plaintiff's claim regarding his non-selection for the LMI AD Position. An appropriate Order accompanies this Memorandum Opinion.

        /s/
COLLEEN KOLLAR-KOTELLY
United States District Judge